**FILED**
**May 29, 2018**
**03:37 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| **HOPE BOTTOMS,** | ) | **Docket No. 2017-04-0253** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 58577-2017** |
| | ) | |
| **ROY MIDGETT d/b/a MIDGETT** | ) | **Judge Robert Durham** |
| **FARM COUNTRY RESTAURANT,** | ) | |
| **Uninsured Employer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court conducted an expedited hearing on May 18, 2018, to determine whether Mr. Midgett is obligated to provide medical and temporay disability benefits for Ms. Bottoms' alleged work injury.[1] The Court holds Ms. Bottoms submitted sufficient evidence to establish she is likely to prevail in proving she was Mr. Midgett's employee when she sustained a work-related injury on May 5, 2017. Thus, she is entitled to authorized treatment with Dr. Roy Terry and temporary total disability benefits. Finally, Ms. Bottoms cannot seek payment through the Bureau's Uninsured Employer's Fund for any owed benefits.

### History of Claim

Ms. Bottoms is a life-time Tennessee resident. Mr. Midgett hired her in November 2016 to work for Midgett Farm County Restaurant where she worked at least forty-five hours per week at a wage of $8.00 per hour. On May 5, 2017, she injured her left elbow while filling an ice machine. She heard a "pop" in her elbow immediately felt pain and numbness. She notified Mr. Midgett later that day, but he did not offer to provide medical care. Ms. Bottoms worked until August when she felt compelled to quit due to continuing elbow discomfort.

Ms. Bottoms sought treatment with orthopedist, Dr. Roy Terry, who diagnosed her condition as left ulnar nerve neuritis and lateral epicondylitis. He felt that her

---

[1] Mr. Midgett did not attend the Expedited Hearing and did not respond in any way to the Notice of Expedited Hearing sent to his listed address.

employment with Mr. Midgett contributed more than fifty percent in causing these injuries. Dr. Terry performed surgery on her left elbow in August. He stated Ms. Bottoms' condition rendered her totally disabled from August 9 until November 20 and partially disabled from November 21 until December 26.

Ms. Bottoms testified she did not work until January 2018 when she went to work for a different employer. Her current issues are a left elbow that she cannot straighten completely and frequent swelling. She continues to treat with Dr. Terry and scheduled to undergo an MRI. Her medical expenses to date have been paid by Tenncare.

Ms. Bottoms filed a Petition for Benefit Determination (PBD) with the Bureau on August 3, 2017, and a Expedited Request For Investigation (ERFI) on August 9. During the course of the Bureau investigation, Mr. Midgett admitted that Ms. Bottoms was an employee of Midgett Farm Country Restaurant; that he had at least five employees; and that he did not have workers' compensation insurance. Ms. Bottoms did not testify that she contacted the Bureau regarding her injury prior to filing the PBD.

### Findings of Fact and Conclusions of Law

Ms. Bottoms need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at trial. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The uncontroverted evidence establishes that Ms. Bottoms is likely to prove at trial that Mr. Midgett employed her on May 5, 2017, and that he had at least five employees. Based on this, Ms. Bottoms is entitled to workers' compensation benefits from Mr. Midgett for any injury causally related to her employment with him. *See* Tenn. Code Ann. §§ 50-6-102(12) and (13).

In order to prevail on causation, Ms. Bottoms must establish she suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). The Court finds she is likely to prove such, and that she duly notified Mr. Midgett of her injury.

The Court further finds Mr. Midgett did not offer medical treatment, even after Ms. Bottoms filed a PBD, which compelled her to seek unauthorized treatment with Dr. Terry. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016).

2

Here, the Court finds the circumstances justified Ms. Bottoms' unauthorized care by Dr. Terry. Given that Dr. Terry has already provided substantial care for Ms. Bottoms' work injury, the Court holds that he shall be the authorized doctor for any additional care made reasonably necessary due to the injury, and Mr. Midgett shall be obligated to pay for the expenses incurred. "An employer may risk being required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury as required by Tennessee Code Annotated section 50-6-204(a)(1)(A)." *See Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016).

However, as to past unauthorized medical expenses, Ms. Bottoms must still prove the reasonableness and necessity of those expenses. *Russell v. Genesco, Inc.,* 651 S.W.2d 206, 211 (Tenn. 1983). Given that Ms. Bottoms did not produce any medical records regarding her surgery or any evidence regarding the actual expenses incurred through Dr. Terry's care, the Court cannot find that she is likely to prevail on this issue and any claim for past medical expenses is denied at this time.

With regard to temporary total disability benefits, Ms. Bottoms must first establish her compensation rate, which is two-thirds of her average weekly wage with Mr. Midgett. Tenn. Code Ann. § 50-6-207(1). While Ms. Bottoms did not produce any documentary evidence regarding her wages, she testified that, at a minimum, she worked forty-five hours per week at $8.00 per hour. Thus, the Court finds that she is likely to prove at trial that her compensation rate is at least $240.00

Ms. Bottoms must then show she is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *See Shepherd v. Haren Const. Co., Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Dr. Terry provided a statement that Ms. Bottoms was temporarily totally disabled due to her injury from August 9, 2017, until November 20, 2017. Ms. Bottoms testified that she did not work during this time. Therefore, the Court finds that she is likely to prevail at a trial and establish entitlement to temporary total disability benefits totaling $3,565.74.

However, as to temporary partial disability benefits, the Court cannot find that Ms. Bottoms is likely to prevail at trial on this issue. In order to receive these benefits, Ms. Bottoms must establish the difference between what she could have earned in her partially disabled state and her average weekly rate. Tenn. Code Ann. § 50-6-207(2)(A). Through Dr. Terry's statement and her testimony regarding her inability to work, Ms. Bottoms submitted evidence as to the partial disability's duration; however, she did not provide any proof as to her actual physical restrictions. Further, she did not provide any evidence that she notified Mr. Midgett of her ability to return to work with restrictions, and whether Mr. Midgett would not or could not return her to work subject to those

restrictions. Thus, the Court finds Ms. Bottoms did not submit sufficient evidence to establish her likelihood of prevailing on this issue and holds she is not entitled to temporary partial disability benefits at this time.

Finally, since Mr. Midgett admitted to not having workers' compensation insurance at the time of her injury, Ms. Bottoms asked the Bureau to pay any temporary or medical benefits that are owed pursuant to Tennessee Code Annotated section 50-6-802(e)(1). Under this statute, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4).

Unfortunately, Ms. Bottoms meets all the criteria but the last. Her injury occurred on May 5, 2017. She did not file a PBD until August 3, 2017, approximately ninety days after her injury, and she did not provide any evidence to establish she notified the Bureau of her injury any earlier. Therefore, the Court holds Ms. Bottoms is not entitled to seek benefits from the Bureau under section 50-6-801.

IT IS, THEREFORE, ORDERED that:

1. Dr. Roy Terry shall be designated as Ms. Bottoms' authorized physician for her work-related injury, and Mr. Midgett shall pay any for any further reasonable and necessary medical treatment provided or recommended by Dr. Terry. Mr. Midgett is not obligated to pay any past medical expenses at this time.

2. Mr. Midgett shall pay Ms. Bottoms temporary total disability benefits for the period of August 9, 2017, through November 20, 2017, at the compensation rate of $240.00 for a total of $3,565.74. Ms. Bottoms' request for temporary partial disability benefits is denied at this time.

3. Ms. Bottoms is not eligible to receive benefits from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801, *et seq.*

4. This matter is set for a Scheduling Hearing on **July 3, 2018**, at **10:00 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED MAY 29, 2018.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Ms. Bottoms' Rule 72 Declaration
2. Request for Investigation Report
3. Medical Records

Technical Record:

1. Petition for Benefit Determination
2. Request for Expedited Hearing
3. Dispute Certification Notice
4. Order of Continuance
5. Order Setting Expedited Hearing
6. Notice of Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on May 29, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| David Goodman Employee's Attorney | | | X | dgoodman@forthepeople.com cc: treiley@forthepeople.com |
| Roy Midgett, Self-Represented Employer | X | | | Midgett Farm Country Restaurant 4873 Highway 52 West |

5

| | | | | Lafayette, TN 37083 |
|---|---|---|---|---|

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6